884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ROBINSON-PHILLIPS COAL COMPANY, Petitioner,
v.
Tom LAMBERT, Director, Office of Workers' Compensation
Programs, Respondents.
 No. 88-2921.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 23, 1989.
Decided Aug. 18, 1989.
 
 John P. Scherer, Sr., File, Payne, Scherer & Brown on brief for petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Sylvia T. Kaser, Counsel for appellate Litigation.
 Robert E. Kirschman, Jr., U.S. Department of Labor, Office of Solicitor on brief for respondents.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and EUGENE A. GORDON, Senior United States District Judge for the Middle District of North Carolina, sitting by designation
 PER CURIAM:
 
 
 1
 Here we have a case submitted on briefs concerning Tom Lambert, who has been successful in establishing a claim for benefits under the Black Lung Benefits Act ("the Act"), 30 U.S.C. Sec. 901 et seq. His entitlement is not questioned. We are presented instead with a contention by Robinson-Phillips Coal Company ("Robinson-Phillips"), the employer, that payment of benefits should be a responsibility assigned to the federal Black Lung Disability Trust Fund ("Trust Fund").
 
 
 2
 Robinson-Phillips argues that the 1981 amendments to the Act require transfer of liability for Lambert's claim from the employer to the Trust Fund. Those amendments provided, in pertinent part, that "in cases ... in which there was a [black lung] claim denied before March 1, 1978, and such claim is or has been approved in accordance with [the more lenient eligibility standards adopted by Congress in 1977]," the Trust Fund, rather than the individual coal mine employer, would have responsibility for paying the benefits. 30 U.S.C. Sec. 932(j)(3). See also, 30 U.S.C. Sec. 932(c)(2). Robinson-Phillips contends that the transfer provision applies here because Lambert had previously filed with the Social Security Administration a claim for benefits that was denied prior to 1978.
 
 
 3
 We do not agree, however, that the statutory prerequisite for transfer of liability to the Trust Fund has been satisfied in this case. The claim denied prior to 1978 by the Social Security Administration--a so-called Part B claim--was separate and distinct from Lambert's successful Part C claim which is at issue here.[1] Lambert never elected review of the denial of his Part B claim, and consequently that claim was never subsequently approved. Thus, the 1981 amendments governing transfer simply have no applicability to the Part B claim. Neither does the transfer provision apply to the successful Part C claim, which was filed in 1976 and which was never denied--either before or after 1978.
 
 
 4
 In essence, Robinson-Phillips attempts to merge Lambert's denied Part B claim with his successful Part C claim in an effort to invoke the transfer provision of the 1981 amendments. However, Department of Labor regulations explicitly require that "the procedural history of each claim must be considered separately to determine whether the claim is subject to the transfer of liability provisions." 20 C.F.R. Sec. 725.496(c). That regulation is fully consistent with Congress' intent in enacting the transfer provision. Old Ben Coal Co. v. Luker, 826 F.2d 688, 694-95 (7th Cir.1987).
 
 
 5
 In sum, we agree with the Benefits Review Board that no basis exists for transferring liability for Lambert's claim to the Trust Fund.
 
 
 6
 We also see no merit in Robinson-Phillips' argument that a remand is necessary to require the Department of Labor to submit to the administrative law judge a copy of the Social Security file on Lambert's denied Part B claim. Information in that file would be irrelevant to the issues presented here because, as we have explained, Lambert's Part B claim for benefits was neither approved nor reopened on review, and thus cannot implicate the liability transfer provisions of the 1981 amendments.
 
 
 7
 We have concluded that our decision could properly be made without hearing oral argument from counsel.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Part B and Part C refer to separate black-lung benefit programs. For a detailed explanation of the differences between the programs, see Old Ben Coal Co. v. Luker, 826 F.2d 688, 693-96 (7th Cir.1987)